IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. |
| v. | ) ) | |
| 441 S.B. LLC d/b/a "HURRICANE GRILL & WINGS," | ) ) ) | COMPLAINT WITH JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Party Stacy Sorenson and a class of similarly situated females who were adversely affected by such practices.

As alleged with greater particularity below in paragraphs ten (10) through forty (40), Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Charging Party Stacy Sorenson ("Charging Party") and similarly situated female employees were subjected to a hostile work environment by Defendant 441 S.B. LLC d/b/a "Hurricane Grill & Wings" ("Hurricane Grill & Wings") when it permitted a customer, repeatedly and on a regular basis, to sexually harass female waitresses/servers. Additionally, Defendant Hurricane Grill & Wings retaliated against Charging Party for opposing such practices by changing her schedule and terminating her employment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Southern District of Florida, West Palm Beach Division, pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Hurricane Grill & Wings has continuously been a Florida corporation doing business in the State of Florida and within the City of Royal Palm Beach, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Charging Party Stacy Sorenson filed a charge with the Commission alleging violations of Title VII by Defendant Hurricane Grill & Wings.

7. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination finding reasonable cause to believe that Charging Party Stacy Sorenson and

similarly situated females were subjected to sexual harassment and that Charging Party Sorenson was retaliated against when she objected to and opposed such treatment.

8. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Defendant 441 S.B. LLC is a "Hurricane Grill & Wings" restaurant franchisee which operates and owns a Hurricane Grill & Wings restaurant in Royal Palm Beach, Florida.

11. Defendant is owned and operated by Donald Michael Galbraith.

12. At all relevant times of complaint, Robert Clark was Defendant's Vice President of Operations and Terril Myers was the Assistant General Manager.

13. Charging Party and similarly situated females were employed by Hurricane Grill & Wings Defendant as servers/waitresses.

14. Hurricane Grill & Wings is open to the public Monday through Sunday, from 11:00 a.m. to 10:00 p.m. on Sunday through Thursday and from 11:00 a.m. to 12:00 Midnight on Friday and Saturday.

15. Since at least April 2009 at Defendant's restaurant, Charging Party and a class of female servers/waitresses were subjected to sexual harassment on an ongoing basis by Hurricane Grill & Wings' regular customer, Palm Beach County Deputy Sheriff Commodore Bradford.

16. Since at least April 2009, Deputy Bradford routinely visited the restaurant multiple times nearly each week and stayed at the restaurant for extended periods of time.

17. Bradford's harassing conduct included, but was not limited to, frequent comments about the female servers' anatomy, displays of pornographic photographs, unwelcome sexual advances, and unwanted touching.

   a. Bradford made sexually offensive comments on a regular basis to female servers, including but not limited to "Your tits are really nice," "your tits are big," and "when are we all gonna bang?"

   b. Bradford repeatedly displayed pornographic photographs on his cell phone for the female servers to see. He would call them over under the guise of asking a question and then he would show them pictures including, but not limited to, photos of his penis, of his wife performing cunilingus, and of his wife engaging in sexual acts with multiple partners.

   c. Bradford regularly made unwelcome sexual advances toward Charging Party and similarly situated females including, but not limited to, asking the Charging Party to participate in a ménage à trois with he and his wife, and following Charging Party around the restaurant with his camera phone, seeking to take pictures of her breasts.

   d. Bradford intimidated and humiliated Charging Party and similarly situated females by grabbing their breasts, slapping their buttocks and brushing his penis against their bodies.

18. Since at least April 2009, the management of the Hurricane Grill & Wings restaurant, including the Owner Galbraith and Vice President of Operations Clark, was aware of Deputy Bradford's sexual harassment of Charging Party and other female servers, but took no action to stop it or prevent it from occurring.

19. Charging Party and similarly situated females servers objected to Deputy Bradford's attention, comments and conduct and repeatedly told him to "stop" or used similar words to same effect.

20. On or about June 2009, Charging Party and female servers orally complained about the harassing conduct of Deputy Bradford to Defendant's management.

21. As a group and individually, Charging Party and similarly situated female servers each informed Owner Galbraith and Vice President Clark about Bradford's conduct, but nothing was done to stop his behavior or to protect female servers from him.

22. On or about September 2009, Charging Party and female servers complained again, this time orally and in writing, about Bradford's conduct to Owner Galbraith and Vice President Clark.

23. Although Owner Galbraith and Vice President Clark informed Charging Party and others that they would "handle it," Deputy Bradford continued to patronize the restaurant on a regular basis and continued to subject the female servers to sexual harassment.

24. Charging Party and female servers continued to complain to Owner Galbraith and Vice President Clark about Deputy Bradford's conduct.

25. Notwithstanding repeated and continuing complaints about the sexually harassing comments and conduct of Deputy Bradford, Bradford continued to patronize the restaurant and to sexually harass Charging Party and other female servers.

26. Soon after her complaint in September 2009, Defendant began retaliating against Charging Party because she repeatedly objected to, reported and opposed Deputy Bradford's sexually inappropriate comments and conduct.

5

27. Prior to her September complaint, Charging Party was regularly scheduled to work during the more lucrative weekend evening shifts.

28. After her September complaint, Defendant changed Charging Party's work schedule to less lucrative, weekday daytime shifts in retaliation for her repeated complaints about and objections to the sexual harassment.

29. Samara Cooperman, Defendant's employee, and Vice President Clark told Charging Party that her schedule was changed as a result of her complaints.

30. As a result of the schedule/shift change, Charging Party earned less money.

31. In early March 2010, Defendant's management became aware of Charging Party's intention to take legal action due to Defendant's failure to protect her from Deputy Bradford.

32. Charging Party was terminated on March 6, 2010 in retaliation for her repeated complaints about and objections to the sexual harassment to which she was subjected and her intention to take legal action for Defendant's failure to redress her complaints.

33. As a result of the foregoing, Charging Party and similarly situated female employees suffered damages.

## STATEMENT OF CLAIMS

34. On a continuing basis since at least April 2009, Defendant engaged in unlawful employment practices at Hurricane Grill & Wings' Royal Palm Beach location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a) by:

   a. subjecting Charging Party and a class of similarly situated female employees to a hostile work environment based on their sex (female), and;

      b. retaliating against Charging Party for repeatedly complaining about and opposing the unlawful employment practices.

35. The effect of the unlawful employment practices complained of in paragraphs ten (10) through thirty-three (33) above has been to deprive Charging Party and similarly situated female employees who worked at Hurricane Grill & Wings Royal Palm Beach location since at least April 2009 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, female.

36. The unlawful employment practices complained of in paragraphs ten (10) through thirty-three (33) above were intentional and caused Charging Party and similarly situated females who worked at Defendant's restaurant to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

37. The unlawful employment practices complained of in paragraphs ten (10) through thirty-three (33) above were intentional and cause Charging Party and similarly situated females who worked at Defendant's restaurant to lose earnings, compensation and income including, but not limited to, back-pay.

38. The unlawful employment practices complained of in paragraphs ten (10) through thirty-three (33) above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly situated females employed by Defendant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

subjecting female employees to unwelcome, sexually graphic and vulgar sexual harassment and retaliation for opposing such harassment;

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female, and which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant to make whole Charging Party and similarly situated females, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Party and similarly situated female employees or front pay in lieu thereof;

G.      Order Defendant to make whole Charging Party and similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs ten (10) through thirty-three (33) above, in amounts to be determined at trial;

H.      Order Defendant to make whole Charging Party and similarly situated female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs ten (10) through thirty-three (33) above, in amounts to be determined at trial;

I.      Order Defendant to pay Charging Party and similarly situated females punitive damages for its malicious and reckless conduct described in paragraphs ten (10) through thirty-three (33) above, in amounts to be determined at trial;

J.      Grant such further relief as the Court deems necessary and proper in the public interest; and

K.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully Submitted,

          P. DAVID LOPEZ
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN Y. REAMS
          Associate General Counsel

          Equal Employment Opportunity Commission
          131 M Street N.E.
          Washington, D.C. 20507

          ROBERT E. WEISBERG
          Regional Attorney

          KIMBERLY McCOY-CRUZ
          Supervisory Trial Attorney


          /s/AARRIN GOLSON_____
          AARRIN GOLSON
          Trial Attorney
          Florida Bar No. 892491

          U.S. EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          Miami District Office
          One Biscayne Tower
          2 South Biscayne Blvd., Suite 2700
          Miami, Florida 33131
          Tel: (305) 808-1783
          Fax: (305) 808-1835
          Email: aarrin.golson@eeoc.gov